NO. 30741

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

WILLIAM S. ELLIS, JR., Petitioner,

vs.

THE HONORABLE SHACKLEY F. RAFFETTO, JUDGE OF THE
CIRCUIT COURT OF THE SECOND CIRCUIT, STATE OF HAWAIʻI,
BG INCORPORATED, a Hawaiʻi Corporation; BRYAN FUNAI
and CYNTHIA J. FUNAI, Respondents.

---

ORIGINAL PROCEEDING
(Civil No. 05-1-0232(2))

ORDER
(By: Recktenwald, C.J., Nakayama, Acoba, and Duffy, JJ.
and Circuit Judge Ahn, assigned by reason of vacancy)

Upon consideration of petitioner William S. Ellis, Jr.'s petition for a writ of prohibition and the papers in support, it appears that: (1) the facts appeared by affidavit to the satisfaction of the respondent judge that petitioner, after due diligence, could not be personally served with process, and (2) it was shown to the satisfaction of the respondent judge that service by certified mail could not be made and was in fact refused by petitioner. Therefore, HRS § 634-23(2) permitted service by publication on petitioner. Permitting service by publication was not a flagrant and manifest abuse of discretion by the respondent judge.

It further appears that the failure to post a copy of the summons on the real property did not invalidate the service by publication inasmuch as the provision of HRS § 634-23(3) requiring a posting of a copy of the summons on the real property pertains to notice of the summons, not service of the summons.

Accordingly, petitioner is not entitled to extraordinary relief. See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (A writ of prohibition is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action. Such writs are not intended to supersede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate procedures. Where a court has discretion to act, prohibition will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which it has a legal duty to act.). Therefore,

IT IS HEREBY ORDERED that the petition for a writ of prohibition is denied.

DATED: Honolulu, Hawaiʻi, October 19, 2010.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Karen S.S. Ahn



2